UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY FEURTADO,

                                            **MEMORANDUM AND ORDER**
          Plaintiff,                                  04-CV-3405 (NGG)(LB)

   v.

NEW YORK CITY DETECTIVE GILLESPIE;        **NOT FOR PUBLICATION**
LIEUTENANT STEVEN DATO;
POLICE COMMISSIONER RAYMOND W.
KELLY; AND DEPUTY INSPECTOR
BRIAN O'NEILL

                     Defendants.
-----------------------------------------------------------X
GARAUFIS, United States District Judge.

## I.    Introduction

On February 2, 2006, this court issued a Memorandum and Order ("M&O") ruling on a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) and 60(b) an M&O issued by this court on November 17, 2005.[1] In the initial M&O, the court converted a Fed. R. Civ. P 12(b)(6) motion to dismiss by the Defendants into one for summary judgment pursuant to Fed. R. Civ. P. 56, and dismissed the Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims.[2]

Plaintiff now moves the court (for the *fourth time* in this matter) to reconsider and/or vacate a decision issued by this court, presently the February 2, 2006 Memorandum and Order, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The Plaintiff's

---

[1] Familiarity with the February 2, 2006 M&O and November 17, 2005 M&O is presumed.

[2] The November 17, 2005 M&O dismissed most of the Plaintiff's claims, but granted the Plaintiff sixty days to submit evidence to support a single claim left open. In the February 2, 2006 M&O, because Plaintiff' failed to support that final claim, the remainder of the Plaintiff's claims were dismissed.

motion is denied because he has failed to put forth a showing of exceptional circumstances or any facts or law which the court overlooked in its previous two decisions on this issue. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); First Financial Ins. Co. v. Allstate Interior Demolition Corp., 1998 WL 567900, *1 (S.D.N.Y.1998) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).

The court carefully considered the Plaintiff's pro se status in deciding to convert the original motion to dismiss into one for summary judgment, and the court again mindfully considered the decision on the Plaintiff's first request for reconsideration. The court's decision stands. The Plaintiff's motion is DENIED.


SO ORDERED.

| | |
|---|---|
| Dated: May 5, 2006<br>Brooklyn, NY | /s/<br>Nicholas G. Garaufis<br>United States District Judge |